# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

**In Re:**

|  |  |  |
|---|---|---|
| RHA Stroud, Inc., | ) | Case No.: 20-13482 – SAH |
| Debtor. | ) | Chapter 11 |
|  | ) | [Joint Administration Pending] |

_____

**In Re:**                                         )

|  |  |  |
|---|---|---|
| RHA Anadarko, Inc., | ) | Case No.: 20-13483 – SAH |
| Debtor. | ) | Chapter 11 |

### RESPONSE OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR USE OF CASH COLLATERAL
### [Docket #4]

The United States Trustee ("**UST**") files this Response to the Debtors' Motion for Use of Cash Collateral (Docket #4). In support of this Response, the UST states:

1. Although the Debtors have not filed schedules or statements of financial affairs the representations in the Affidavit of Charles Eldridge (Docket #6) appear sufficient at this time to determine the reasonableness of the Debtors' request, made out of an abundance of caution, to use cash collateral. However, the UST does have some concerns set forth below.

2. It is difficult to determine what specifically the Debtors are proposing because the motion is vague and unclear. With respect to the payment of professionals, it may be more appropriate to raise an issue at the preliminary or final hearing. However, out of an abundance of caution, the UST raises the following concern regarding the payment of any professionals at this initial stage.

3. The Debtors' order for use of cash collateral does provide a carveout for payment of the statutorily mandated UST fees as well as fees required to be paid to the court clerk. However, the carve out should also encompass the following:

    a. Professionals for an unsecured creditors committee should a committee be appointed and professionals employed;

    b. A patient care ombudsman, should one be appointed as well as a professional for the patient care ombudsman should one be employed;

      c.    A trustee/examiner should one be appointed as well as any professional of a trustee/examiner should one be employed.

4. To continue operations, the Debtors propose to pay vendors up to a certain amount. It is unclear whether the payment of any of these vendors is for pre-petition amounts owed or for ongoing post-petition operations. If the Debtors are proposing to pay pre-petition claims then the Debtors should request approval for any pre-petition critical vendors by separate motion and provide a detailed list of which vendors are owed what amount and for what services.

5. The motion requests…. "authority to pay any 3rd party utility and/or vendor claims in an amount not to exceed $289,000 per claim per hospital". This language is vague and unclear as to whom is to be paid and the dollar limit. For example, if a vendor has three claims each for $289,000 could that vendor be paid three times at $289,000 each for a total of $867,000 or is the $289,000 the total per vendor regardless of potential multiple claims?

6. The Debtors have not provided a proposed budget for the requested interim period ending November 7, 2020. A budget is necessary to determine viability of the debtors, compliance with cash collateral parameters and benchmarks for the bankruptcy cases.

7. Any use of funds without a detailed proposed budget should not be allowed for payment to an insider, including any officer or director of the debtor or related entities. Likewise, at this beginning stage of the case funds should not be used to pay any professionals, including attorneys, accountants or financial advisors.

8. Only amounts necessary to avoid immediate and irreparable harm should be authorized for payment with cash collateral at this time.

WHEREFORE, the UST requests this Court only grant the interim relief "necessary to avoid immediate and irreparable harm" as directed by Rule 6003 of the FED. R. BANKR. P.; and for such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

s/ Marjorie J. Creasey
Marjorie J. Creasey, OBA #17819
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK  73102
(405) 231-4393/231-5958 [fax]
Marjorie.Creasey@usdoj.gov